the section at all. It clearly protects the lienholders, and especially the vast amount of loans against collateral, any interference with which would cause great injury to banks, trust companies and stockbrokers, and produce disturbance of business generally.

The decrees are affirmed.

HOUGH, Circuit Judge, concurs in result.

___

## GARVAN v. $100,000 BONDS.

## SAME v. $6,000 BONDS.

(Circuit Court of Appeals, Second Circuit. March 18, 1920.)

Nos. 203–210.

Appeals from the District Court of the United States for the Southern District of New York.

Libels by Francis P. Garvan, Alien Property Custodian, against $100,000, par value, bonds, Metropolitan Trust Company of New York, trustee, claimant, and against $6,000, par value, bonds, Bankers' Trust Company, trustee, claimant. Decrees for libelant, and claimants appeal. Affirmed.

Carter, Ledyard & Milburn and Walter F. Taylor, all of New York City, for appellant Metropolitan Trust Co.

White & Case, of New York City (Robert Forsyth Little, of New York City, of counsel), for appellant Bankers' Trust Co.

Francis G. Caffey, U. S. Atty., of New York City (Spier Whitaker, Sp. Asst. Atty. Gen., and Earl B. Barnes, Asst. U. S. Atty., both of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. The decrees in these cases are affirmed, in accordance with our opinion lately handed down in the cases of Garvan v. $20,000 Bonds, Garvan v. $100,000 Bonds, Garvan v. $50,000 Bonds, and Garvan v. $25,000 Bonds (C. C. A.) 265 Fed. 477.

___

## GRIER BROS. CO. v. BALDWIN et al.

(Circuit Court of Appeals, Third Circuit. April 16, 1920.)

No. 2535.

1. Equity ⊜452—Complainants held estopped to maintain bill of review.

Complainants in an infringement suit, who, after a decree adjudging the patent valid had been reversed by the Circuit Court of Appeals and mandate issued, delayed for a year, during which time the patent had been adjudged valid and infringed by the Circuit Court of Appeals in another circuit, in a suit brought by them, and proceedings for review were pending in the Supreme Court, and then caused decree to be entered on the mandate, one branch of which was in their favor, *held* not entitled to maintain a bill of review to reverse such decree two years later, after a decision in their favor by the Supreme Court in the other suit.

2. Equity ⊜445—Error apparent of record and new matter are the only grounds for bill of review.

The two and only grounds for a bill of review are: (1) Error of law apparent on the face of the record, without further examination of questions

___

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes